IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAYSHA R. MOLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ENBRIDGE EMPLOYEE SERVICES, )<br>INC., )<br>)<br>Defendant. ) | Case No. CIV-20-00515-PRW |

## **ORDER**

Before the Court is a Partial Motion to Dismiss Certain of Plaintiff's Claims for Relief and Brief in Support (Dkt. 7) (the "Partial Motion to Dismiss"), filed by Defendant, Enbridge Employee Services, Inc. ("Enbridge"). Plaintiff, Traysha R. Moler, has filed a response in opposition (Dkt. 13), and Enbridge has replied (Dkt. 15). For the reasons set forth below, the Partial Motion to Dismiss is **DENIED**.

*Background*

Plaintiff's Complaint (Dkt. 1) alleges that she was the victim of sexual harassment, discrimination, and retaliatory conduct by co-workers and managers throughout her employment with Enbridge. Plaintiff claims these actions—which allegedly date back to 2013 and continued until her "constructive" discharge in March 2018—created a hostile work environment.[1] After reporting this conduct the Equal Employment Opportunity Commission ("EEOC") on September 24, 2018, and then amending her claims, Plaintiff

---

[1] Compl. (Dkt. 1) ¶¶ 24, 90.

1

was issued a right to sue letter on March 4, 2020. Plaintiff initiated this action against Enbridge a few months later.

Plaintiff asserts employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act ("OADA"), each of which is predicated on allegations of multiple acts culminating in a continuing violation from 2013 to 2018. Embridge filed a Partial Motion to Dismiss, seeking to dismiss portions of each claim pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In seeking partial dismissal of Plaintiff's Title VII and OADA claims pursuant to Rule 12(b)(6), Embridge concedes that Plaintiff's EEOC charge was timely filed with respect to certain alleged discriminatory conduct,[2] but alleges that Plaintiff failed to exhaust her administrative remedies with respect to some of the alleged discriminatory conduct. As to Plaintiff's Title VII claim, Enbridge seeks dismissal of those claims that are based on events that arose more than 300 days before Plaintiff first filed an EEOC charge; Enbridge likewise seeks the dismissal of any OADA claim that arose more than 180 days before Plaintiff first filed an EEOC charge. Moreover, Enbridge contends the statutory requirement of filing a timely administrative charge is a jurisdictional prerequisite to an employment-related discrimination suit under Oklahoma law. Enbridge thus additionally seeks to dismiss any OADA claim based on events occurring outside the 180-day limitation period for lack of jurisdiction pursuant to Rule 12(b)(1).

---

[2] Def. Enbridge's Reply (Dkt. 15) at 2 nn.2−3.

*Standard of Review*

In reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of h[er] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] The pleaded facts must establish that the claim is plausible.[5]

Rule 12(b)(1) motions, on the other hand, generally take one of two forms, either "a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction," or "a challenge to the actual facts upon which subject matter jurisdiction is based."[6] The legal test applied depends on which type of challenge the movant asserts.[7] Although Enbridge predicates its motion on factual grounds, a closer look reveals that, for purposes of this motion, there are no disputed facts. As such, Enbridge's Rule 12(b)(1)

---

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

[5] *Id*.

[6] *Ruiz v. McDonell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)).

[7] When the (12)(b)(1) challenge is a factual attack, the Court must "resolve [the] disputed facts" and has "wide discretion to allow affidavits, other documents, [or] a limited evidentiary hearing" to do so. *Holt*, 46 F.3d at 1003; *see also Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292–93 (10th Cir. 2005).

argument is a facial attack on the sufficiency of the Complaint's allegations as to subject matter jurisdiction.[8]

## *Discussion*

To bring a claim under Title VII, the aggrieved party must have filed a charge of discrimination with the EEOC within 300 days from the date of the alleged unlawful employment practice.[9] To bring a claim under the OADA, the aggrieved party must have filed a charge with the EEOC or the state administrative agency within 180 days from the date of the alleged unlawful employment practice.[10] "[F]iling a charge within the specified time period [is] mandatory" and a "claim is time barred if it is not filed within these time limits."[11]

Typically, in situations where multiple discriminatory acts have occurred, "[e]ach discrete discriminatory act starts a new clock for filing charges."[12] Thus, if "discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge."[13]

---

[8] *Ruiz*, 299 F.3d at 1180.

[9] 42 U.S.C. § 2000e–5(e)(1); *Espinosa v. Thermacline Techs., Inc.*, No. CIV-21-499-D, 2021 WL 5023167, at *3 (W.D. Okla. Oct. 28, 2021).

[10] Okla. Stat. tit. 25 § 1350(B).

[11] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

[12] *Id.* at 113.

[13] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018).

Although discrete discriminatory acts are not actionable if time-barred, a different rule applies to claims based on allegations of a hostile work environment or a continuing violation. So long as the out-of-time allegations are sufficiently related to those timely filed, or are otherwise part of the same actionable hostile work environment practice, they may be properly considered by the Court as part of the same claim.[14]

*Plaintiff's Title VII Claim (Hostile Work Environment Based on Sexual Harassment)*

Here, Plaintiff's Title VII claim is a hostile work environment claim. Plaintiff filled out an Intake Questionnaire with the EEOC on September 24, 2018. And on October 22, 2018, Plaintiff filed an amended timeline of events to the EEOC claim, reporting allegations of misconduct beginning on October 21, 2013 and continuing through March 29, 2018, when

---

[14] As to Title VII claims, so long as "an act contributing to a hostile work environment took place' within the limitations period, 'a court may consider the complete history of acts comprising that hostile work environment.'" *Aman v. Dillon Companies, Inc.*, 645 F. App'x 719, 724 (10th Cir. 2016) (unpublished) (quoting *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005)); *Morgan*, 536 U.S. at 115 (finding "that consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile environment takes place within the statutory time period"); *Stewart v. Kendall*, No. CIV-20-650-D, 2022 WL 49190, at *3 n.2 (W.D. Okla. Jan. 5, 2022) (same). Moreover, in the Title VII context, courts have held that "a series of alleged events comprises the same hostile environment where 'the pre- and post-limitations period incidents involved the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers.'" *Duncan*, 397 F.3d at 1309 (quoting *Morgan*, 536 U.S. at 120). Other courts in this district have found that this logic likewise applies in the OADA context as well. *See, e.g.*, *Watts v. Oklahoma Dep't of Mental Health & Substance Abuse Servs.*, No. CIV-19-1072-D, 2020 WL 2562811, at *2 (W.D. Okla. May 20, 2020).

Plaintiff claims she was "constructively terminated."[15] As such, only some of the alleged acts occurred within the 300-day limitations period.

Enbridge seeks dismissal of those claims based upon events that arose more than 300 days before Plaintiff first filed an EEOC charge. However, as Plaintiff correctly notes, "'as long as an act contributing to a hostile work environment took place' within the limitations period, 'a court may consider the complete history of acts comprising that hostile work environment.'"[16] While further fact development may prove otherwise, at this juncture it appears the acts at issue are sufficiently similar to those occurring within the 300-day limitation period. Thus, Court may consider the complete history of acts contributing to Plaintiff's hostile work environment claim.[17]

Accordingly, Enbridge's Partial Motion to Dismiss is **DENIED** as to Plaintiff's Title VII claim.

*Plaintiff's OADA Claim*

For basically the same reasons, Enbridge's Partial Motion to Dismiss Plaintiff's OADA claim is also inappropriate. Plaintiff argues that categorial dismissal of any OADA claim accruing before a certain date is inappropriate because an EEOC claim was filed and

---

[15] Pl.'s EEOC Packet (Dkt. 1, Ex. 1) at 18−19.

[16] *Aman*, 645 F. App'x at 724 (quoting *Duncan*, 397 F.3d at 1308).

[17] Moreover, even if this Court determined Plaintiff had failed to satisfy the timeliness requirement as to certain of the allegations, this would not preclude Plaintiff from referring to the prior acts to support a timely claim. *See Morgan*, 536 U.S. at 113 ("Nor does the statute bar an employee from using prior acts as background evidence in support of a timely claim.").

a claim based on a continuing discriminatory practice is timely so long as one of the discriminatory acts occurred within the filing period. This argument is consistent with the statutory language, which requires a claimant to file a charge within 180 days "from the last date of alleged discrimination."[18]

Plaintiff also argues that failure to exhaust is an affirmative defense, not a jurisdictional prerequisite under the OADA, but that is wrong.[19] By statutory amendments in 2011, the Oklahoma Legislature unequivocally imposed an administrative filing requirement in jurisdictional terms, stating in pertinent part:

> *In order to have standing in a court of law to allege discrimination arising from an employment-related matter*, in a cause of action against an employer for discrimination based on race, color, religion, sex, national origin, age, disability, genetic information with respect to the employee, or retaliation, an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party.[20]

---

[18] *See* Okla. Stat. tit. 25, § 1350(B).

[19] *Johnson v. Wal–Mart Stores East, LP*, No. 17–CV–341–GKF–FHM, 2017 WL 3586710, at *1 (N.D. Okla. Aug. 18, 2017) ("As a precondition to suit, the OADA requires a plaintiff to file a charge of discrimination either with the EEOC or the Oklahoma Attorney General's Office within 180 days from the last date of the alleged discrimination. That requirement is jurisdictional.") (internal citations and quotations omitted); *Hall v. Okla. Dep't of Rehab. Servs.*, No. CIV–17–497–D, 2018 WL 991543, at *5 (W.D. Okla. Feb. 20, 2018) ("The OADA contains an express requirement that an employee must timely file an administrative charge . . . prior to filing suit . . . .").

[20] Okla. Stat. tit. 25 § 1350(B) (emphasis added).

Standing is a jurisdictional requirement for a plaintiff to plead and prove, and a lack of standing may be challenged by a motion under Rule 12(b)(1).[21] Accordingly, the Court finds that Enbridge's Rule 12(b)(1) Motion is procedurally proper under the circumstances.[22]

Nevertheless, because Plaintiff filed a charge of discrimination within 180 days of her "constructive termination"—the last possible date of discriminatory or retaliatory conduct—this Court finds that it has jurisdiction to hear Plaintiff's OADA claim to the extent based on her EEOC Charge.[23]

### *Conclusion*

For the foregoing reasons, the Court finds that the Partial Motion to Dismiss (Dkt. 7) should be and is hereby **DENIED**.

**IT IS SO ORDERED** this 3rd day of February 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[21] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998); *Watts*, 2020 WL 2562811, at *2.

[22] *See, e.g.*, *id.*; *Palzer v. Cox Oklahoma Telcom, LLC*, No. 15-CV-00564-GKF-JFJ, 2018 WL 3240961, at *3–5 (N.D. Okla. July 3, 2018).

[23] Further, the only consequence of an untimely filing in relation to earlier acts of discrimination would be to limit the time period of recoverable damages, if liability is otherwise established.